# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEREMY J. LINDSEY,**

    **Plaintiff,**

    v.                                                                                                       **CASE NO. 23-3073-JWL**

**BRIAN BUCHHOLZ, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Jeremy J. Lindsey, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"), brings this pro se civil rights case.

Plaintiff alleges that he gave notice to Defendants that Plaintiff's safety was in jeopardy at EDCF due to threats on Plaintiff's life. (Doc. 1, at 2.) Plaintiff alleges that Defendants threatened to impose disciplinary action against Plaintiff if he did not agree to be placed with a cellmate. *Id*. Plaintiff alleges that when he refused to share a cell with a cellmate, Defendants retaliated against Plaintiff by placing him in a "limited contact cell." *Id*. at 6. Plaintiff alleges that the limited contact cell has no power and he is denied phone calls to his family. *Id*.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See Lindsey v. Cook*, Case No. 21-3025 (10th Cir. Feb. 23, 2022) (finding Lindsey is a three-strikes litigant and that "[t]he 'but-for' cause of each previous dismissal was Lindsey's failure to state a claim—a ground for a strike under § 1915(g)"). Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

Plaintiff does not claim that he is being placed in danger because he is being housed in a cell with a cellmate that poses an imminent threat of serious physical harm. Rather, Plaintiff alleges that he is being retaliated against for refusing to accept a cellmate. Plaintiff is dissatisfied with the limited privileges he is afforded in his limited contact cell.

The Court has examined the Complaint and attachments, and the Motion for Preliminary Injunction (Doc. 2), and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $402.00 district court filing fee[1] to the Court. If he fails to

---

[1] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $52.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 4, 2023,** to submit the $402.00 filing fee.  The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

Dated March 14, 2023, in Kansas City, Kansas.

S/  John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE